McKeon's service carrying the goods of the express company in pursuance of an arrangement under which McKeon paid Talbot regularly through one McNamara a stated sum per load and himself collected from the express company on a load basis, McKeon taking as his profit the difference between what he paid out and what he collected from the express company. The Appellate Division directed a dismissal of the complaint on the ground that the chauffeur was not at the time of the accident in the employ of the express company or under its control.

*Thomas J. O'Neill* and *Leonard F. Fish* for appellant.
*Edward V. Conwell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

REMINGTON ARMS UNION METALLIC CARTRIDGE COM-
PANY, Respondent, *v.* GEORGE ATKINSON, Appellant.

*Conversion — settlement of action by payment of sum including price of certain merchandise — when refusal to deliver merchandise constitutes a conversion.*

*Remington Arms Union Metallic Cartridge Co.* v. *Atkinson*, 191 App. Div. 902, affirmed.

(Argued October 18, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 26, 1920, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was for conversion. The plaintiff claimed that, on or about March 23, 1917, it paid to the defendant the sum of $8,500 in settlement of an action for damages for breach of contract which the defendant herein had brought against the plaintiff, and that this amount included the said sum of $3,927.09 as the price of certain metals which were to have been used in the performance of the contract and that, as part of the settlement, it

became entitled to have the said metals, which are specified in the complaint, delivered to it, and that refusal of the defendant to deliver them constituted a conversion. The defendant claimed that the terms of settlement of the earlier action did not include the delivery of the metals to the plaintiff, but that the action was settled on the basis of his receiving $8,500 in cash and also keeping the metals, and also that the general release given by the plaintiff at the time of the settlement was a bar to its claim for the metals.

*William W. Armstrong* for appellant.
*Chauncey B. Garver* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

ANDREW LEWIS, as Administrator of the Estate of JULIUS LEWIS, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

*State — constitutional law — claim against state for death of member of National Guard — finding that death was not result of neglect on part of any officer or representative of state, but occurred through carelessness and negligence of deceased — legislature may not authorize payment of claim in absence of legal or moral obligation of state.*

Lewis v. *State of New York,* 197 App. Div. 712, affirmed.
(Submitted October 9, 1922; decided November 21, 1922.)

APPEAL from a judgment entered July 30, 1921, upon an order of the Appellate Division of the Supreme Court in the third judicial department reversing a judgment in favor of claimant entered upon an award of the Court of Claims and directing a dismissal of said claim. Claimant, a member of the National Guard, had been engaged in lowering from a balcony to the floor of the drill shed in a state armory, by means of a block and fall, articles to be used in camp. It being necessary that he go to the balcony he elected to be hoisted up by the tackle and when near the balcony slipped and fell receiving injuries from which he died. The Court of Claims found: